JOSEPH M. ZAMORA, Petitioner

v

WILLIAM B. WOODSON, Major, 165th Transportation Company, APO 96227, U. S. Army

and

LAWRENCE H. WILLIAMS, Colonel, Staff Judge Advocate, USMACV, U. S. Army, Respondents

19 USCMA 403, 42 CMR 5

*Captain John W. Kelly,* counsel for Petitioner.

*Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain William R. Steinmetz,* counsel for Respondents.

## Memorandum Opinion of the Court

On February 15, 1970, a single charge alleging, in fifty-six specifications, a violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, was preferred against the petitioner. Each specification describes petitioner as "a United States civilian, a person serving with or accompanying the Armed Forces in the field in the time of war." The charged offenses involve violations of a general regulation by permitting named individuals to purchase money orders for him, and are said to have occurred in Vietnam.

Before the charge was referred to a court-martial for trial, petitioner filed with the Military Judge of the 17th Judicial Circuit a "Petition for Writ of Habeas Corpus and for Relief in the Nature of a Writ of Mandamus." The relief sought was predicated on representations that his contract of employment, relied on as the basis of military jurisdiction over him, had terminated prior to the initiation of any action with a view to his trial. Thus, he was no longer subject to court-martial and should be released for departure from Vietnam. The Military Judge denied the petition, holding, *inter alia,* that, as a person accompanying the armed forces in the field in a time of war, he was subject to trial by court-martial under Article 2(10), Uniform Code, supra, 10 USC § 802(10). Thereupon, petitioner filed in this Court his "Appeal from Denial of Extraordinary Relief." In response to an Order to Show Cause, appellate Government counsel, Office of the Judge Advocate General of the Army, have submitted their reply to the "Appeal."

In the circumstances of this case, we need not decide whether a Military Judge may act prior to the referral of a case to trial. (See Article 39(a), Uniform Code, supra, 10 USC § 839 (a).) Nor are we required to determine whether the Military Judge is granted any powers under the All Writs Act, 28 USC § 1651(a), nor whether termination of his employment terminated amenability to trial —the narrow question he presented below.

In United States v Averette, 19 USCMA 363, 41 CMR 363 (decided April 3, 1970; Petition for Reconsideration denied April 27, 1970), this Court held that "the words 'in time of war' mean, for the purposes of Article 2 (10), Code, supra, a war formally declared by Congress." We there concluded that a civilian employee of an Army contractor in Vietnam was not subject to trial by court-martial. That decision is controlling here.

Accordingly, the charge and each of its specifications now pending against petitioner are ordered dismissed and petitioner is ordered released from any restraint which may have been imposed as a result of said charge.